UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:08-CV-229-KKC

PHILLIPPE' L. SMITH
  also known as Paul Smith                                                 PETITIONER

VS:                   **MEMORANDUM OPINION AND ORDER**

J. C. ZUERCHER, Warden                                  RESPONDENT

      Phillippe' L. Smith (also known as Paul Smith) is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") which is located in Inez, Kentucky. Smith has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Order entered on January 5, 2008, the Court designated J. C. Zuercher, the Warden of USP-Big Sandy, as the respondent in this action.

      This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

      As Smith is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court can dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *See* 28 U.S.C. § 1915(e)(2)(ii); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). For the reasons set forth below, the § 2241 petition will be denied.

CLAIMS ASSERTED

Smith asserts claims under the Fifth Amendment of the United States Constitution. Smith contends that the BOP should credit his federal sentence with prior custody credit. Specifically, he seeks credit on his current federal sentence for the time served in connection with the sentence imposed on May 5, 2006, in the Superior Court of the District of Columbia ("the D.C. Sentence"), [*See United States of America v. Paul Smith*, 2004 FEL 005841, Record No. 2-2, p.10]. In the D.C. Sentence, Smith received a 48-month sentence for Second Degree Burglary (plus a 3- year term of supervised release) and a consecutive 24-month term for Destroying Property (with a 3-year term of supervised release).

EXHAUSTION EFFORTS

Smith has attached several documents to his § 2241 petition. These documents reveal that in 2008, prior to Smith's confinement in USP-Big Sandy, Smith was confined in the United States Prison-Atwater, which is located in Atwater, California. [*See* Record No. 2-2, p. 6].

On or about January 29, 2008, the BOP's Western Regional Office ("WRO") received a "BP-10" appeal which Smith had filed concerning his request to receive credit, on his federal sentence, for the time he spent serving the D.C. Sentence. The WRO rejected the BP-10 appeal because Smith failed to provide sufficiently specific information about his appeal. The WRO advised Smith that "We need to know your specific concern and how it relates to the Bureau's aspect your confinement." *Id*. The WRO further advised Smith that when he submitted his BP-10 appeal, he had failed to provide a copy of his attachments.

Smith apparently failed to heed the information contained in the WRO's rejection notice, because his filings reveal that on or about March 4, 2008, the BOP's Central Office received a

2

BP-11 appeal from him [Record No. 2-2, p.9]. The Central Office rejected Smith's BP-11 appeal, stating "You submitted your request or appeal to the wrong level. You should have filed at the Institution, Regional Office or Central Office Level."[*Id.*]. The Central Office then informed Smith that "You must complete the appeal process at the Region First." [*Id.*].

Smith was transferred to USP-Big Sandy in 2008, although it is not exactly clear when Smith arrived at the prison. He filed the instant § 2241 petition on December 18, 2008.

<u>OTHER LITIGATION</u>

The Court takes judicial notice of the fact that on November 24, 2008, almost one month before Smith filed the instant § 2241 petition, Smith filed another *pro se* civil action in this Court, being *Smith v. Lappin et al.*, 7:08-CV-218 (Hon. Amul R. Thapar, presiding) ("the Smith Civil Rights Action").

In the Smith Civil Rights Action, Smith asserted numerous claims alleging that various USP-Big Sandy officials had removed, damaged and/or destroyed personal property belonging to him, specifically, legal papers relating to various legal actions in which Smith is involved. Smith alleged that these alleged actions occurred on several different dates. Smith named several USP-Big Sandy officials as defendants.

To the extent that Smith claimed that the prison officials intentionally undertook these actions, the claims fall under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). To the extent that Smith claimed that the defendants in that action acted negligently, the claims fall under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680. The Smith Civil Rights Action is currently pending on the court's active docket.

3

DISCUSSION
1. Failure to Exhaust § 2241 Habeas Claims

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

The exhaustion requirement is designed to ensure not only that the agency is given the opportunity to review its conclusions short of litigation, but also that the district court is provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit,

those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006).

Smith apparently made some effort to initiate the administrative exhaustion process while he was confined in USP-Atwater, but he did not do so *properly*, as explained by the rejection notices issued by the WRO and the BOP Central Office. Smith has filed nothing to indicate that he cured either of the deficiencies noted by the WRO and the Central Office. He instead filed the instant § 2241 petition in this Court not long after he was transferred to USP-McCreary. Smith has filed this action prematurely, before the administrative remedy process ran its full course.

The Court will therefore dismiss the instant § 2241 petition without prejudice. Petitioner Smith may file another petition after the proper BOP officials have evaluated his claims and issued a written response on the merits of the issue relating to sentence credit.[1]

2. Motion to Amend to Allow First Amendment and FTCA Claims

In his "Motion for Interim Relief" [Record No. 5], Smith states that the USP-Big Sandy prison staff employees intentionally interfered with legal mail [*Id.*, p.1]. He also states that he has experienced difficulty procuring postage stamps "to send mail relating to legal proceedings"

---

[1] Petitioner Smith should consider that even assuming that he completes the process and files a new § 2241 petition, he most likely would not obtain the result that he wishes. The settled case law is that the Attorney General, through the BOP, is authorized to grant a prisoner credit for pre-sentence detention. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).

Generally, where a prisoner has received credit toward a state sentence for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993); *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter). Additionally, time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished); *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. (Ky.) February 20, 2003) (not selected for publication in the Federal Reporter).

[*Id*].  Broadly construed, those allegations could qualify as a denial of access-to-courts claim under the First Amendment of the United States Constitution.

In his recent motion, Smith also discussed, at length, the various civil claims he has asserted in the Smith Civil Rights Action [*See* Record No. 5, p.2]. In his current motion [Record No. 5], Smith appears to seek permission to amend *this* action [08-CV-229-KKC] to include claims regarding the alleged removal, damage, and/or destruction of his personal papers and legal documents by USP- Big Sandy employees. As noted, claims alleging intentional misconduct fall under the ambit of 28 U.S.C. § 1331, under the *Bivens* doctrine. Claims alleging negligence by federal officials fall under the FTCA.

This action, 08-CV-229-KKC, involves a petition for a writ of habeas corpus, and was filed under authority of 28 U.S.C.§ 2241. The relief requested in this action relates *solely* to the execution of Smith's federal sentence and his request for credit on that federal sentence for time served. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

According to *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), constitutional claims can only be asserted in a civil action filed under 28 U.S.C. § 1331.  *Martin* dictates that when a prisoner attempts to assert such claims in a § 2441 habeas petition, the district court must dismiss the § 2241 petition without prejudice and the prisoner must then file a proper civil rights action under 28 U. S.C. § 1331.

Any construed First Amendment, and/or FTCA property damage claims, are not properly asserted in this § 2241 petition, because they do not affect the length or duration of Smith's

federal sentence. For this reason, Smith cannot assert either *Bivens* claims which allege intentional misconduct, or negligence claims as to property damage and destruction, in *this* habeas proceeding, 08-CV-229-KKC.

The Court will not allow court to allow Smith to "amend" his § 2241 petition to assert *Bivens* and/or FTCA claims and will deny Smith's "Motion for Interim Relief" [Record No. 5].[2] There is no prejudice in not allowing Smith to pursue his property damage claim(s) in this habeas action, because he has already filed the Smith Civil rights action in which he asserts these very same claims.

Finally, Smith has submitted information concerning his inmate trust account [Record No. 5-2, p.1]. That information verifies that Smith qualifies for pauper status in this action. Smith's "Motion to Proceed *In Forma pauperis*" [Record No. 3] will be granted. The instant § 2241 petition will be dismissed without prejudice.

<u>CONCLUSION</u>

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     The "Motion to Proceed *In Forma pauperis*" [Record No. 3] filed by Petitioner Phillippe' L. Smith, also known as Paul Smith, is **GRANTED**.

(2)     The "Motion For Interim Relief "[Record No. 5] filed by Petitioner Phillippe' L. Smith is **DENIED**.

(3)     Petitioner Phillippe' L. Smith's petition for a writ of habeas corpus [Record No.

---

[2] While the Court is dismissing the instant § 2241 petition without prejudice on exhaustion grounds, Smith is advised of one additional matter. Even if he exhausts his habeas claim relating to the sentence credit issue and files a new § 2241 petition, he will not be permitted to "piggy-back" separate, unrelated *Bivens* and/or FTCA claims in any new § 2241 petition.

2] is **DENIED.**

       (4)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the

Court's active docket.

       (5)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named respondent.

       Dated this 27th day of February, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**